FILED

SEP 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ROLANDO MANGSAT TIRSO; KAMEHALYN SANTOS TIRSO,

Debtors.

_____

DANE S. FIELD, Chapter 7 Trustee,

Plaintiff-Appellant,

v.

BANK OF AMERICA, NA,

Defendant-Appellee.

No.   22-16291

D.C. No.
1:22-cv-00075-JMS-WRP
District of Hawai'i,
Honolulu

ORDER

Before:  CALLAHAN and H.A. THOMAS, Circuit Judges.

The panel has unanimously voted to deny the petition for panel rehearing (Dkt. 45). The petition for panel rehearing is **DENIED**. The memorandum disposition filed on July 17, 2024, is hereby amended. The amended disposition will be filed concurrently with this order.

No further petitions for rehearing may be filed.

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ROLANDO MANGSAT TIRSO;
KAMEHALYN SANTOS TIRSO,

Debtors.

_____

DANE S. FIELD, Chapter 7 Trustee,

Plaintiff-Appellant,

v.

BANK OF AMERICA, NA,

Defendant-Appellee.

No.   22-16291

D.C. No.
1:22-cv-00075-JMS-WRP

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawai'i
J. Michael Seabright, District Judge, Presiding

Submitted June 11, 2024[**]
Submission Vacated and Deferred June 11, 2024
Resubmitted July 15, 2024
Honolulu, Hawai'i

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and H.A. THOMAS, Circuit Judges.***

Dane S. Field, the bankruptcy trustee in a Chapter 7 proceeding for Kamehalyn Santos Tirso and Rolando Mangsat Tirso, appeals a summary judgment in favor of Bank of America, North America (BANA) in an adversary proceeding. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo a district court's grant of summary judgment on appeal from a bankruptcy court. *Ditto v. McCurdy*, 510 F.3d 1070, 1075 (9th Cir. 2007). We affirm.

We apply the *Erie* doctrine when sitting in bankruptcy jurisdiction involving state-law claims, *see In re Larry's Apartments, L.L.C.*, 249 F.3d 832, 837–38 (9th Cir. 2001), and are "bound by decisions of the state's highest court" on matters of substantive law, *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018), including the calculation of damages for improper foreclosure, *see In re Kekauoha-Alisa*, 674 F.3d 1083, 1092 (9th Cir. 2012). Under Hawai'i Supreme Court precedent, the district court and bankruptcy court correctly determined that the Tirsos failed to show damages stemming from BANA's foreclosure on their property. *Llanes v. Bank of Am., N.A.*, No. SCAP-22-0000547, slip op. at 19–29 (Haw. amended opinion Sept. 9, 2024); *see also Wong v. Ass'n of Apartment Owners of Harbor Square*, 545 P.3d 547, 554 (Haw. 2024).

---

*** This case was decided by quorum of the panel. *See* 28 U.S.C. § 46(d); Ninth Circuit General Order 3.2(h).

**AFFIRMED.**